UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ADAM STREGE, <br>                 Plaintiff, <br> v. <br><br> HENNEN LUKE, Scott County Sheriff; JEFF WERSAL, Blue Earth County Sheriff; and DUGGAN LIAM, Prior Lake MN Police Chief, in their individual and official capacities, <br><br>                 Defendants. | Case No. 23-CV-3147 (PJS/DTS) <br><br> **ORDER** |

This matter is before the Court for review of plaintiff Adam Strege's civil complaint [ECF No. 1], *in forma pauperis* (IFP) application [ECF No. 2], and Motion for Electronic Filing [ECF No. 3], pursuant to 28 U.S.C. § 1915(e).

After review of the IFP application, the Court concludes that Strege qualifies financially for IFP status. That said, an IFP application will be denied, and an action will be dismissed, when an IFP application fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service.").

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Rossi v. Arch Ins. Co.*, 60 F.4th 1189, 1193 (8th Cir. 2023). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of a complaint, a court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Strege's civil complaint is incomprehensible, consisting of a stream-of-consciousness description of various events and people. For example, Strege says he brings this action pursuant to several federal statutes (including 42 U.S.C. § 1983) for conspiracy to "Maliciously False Arrest Adam Strege for reporting the Murder Of 6 Congressman Adam Strege" and then goes on to say that his "mom rented a House from MN Congressman Richard Wigley while he died heart attack driving his tractor . . . ." [ECF No. 1]. Strege also says he lived in Colorado and Miami "with the Old Mayo Clinic Rochester MN head heart surgeon USA Donold B Williams . . . ." *Id.* It is unclear how any of this—or any of the claims in his Complaint—relate to each

other or to the named defendants.  Thus, upon close review of the Complaint, this Court finds that the Complaint—even when liberally construed—fails to describe any facts or law from which this Court could discern a valid cause of action.  *See Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 840 (8th Cir. 2004) (federal courts are not required to "divine the litigant's intent and create claims that are not clearly raised").

Therefore, the Court dismisses plaintiff's complaint [ECF No. 1] without prejudice for failure to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  Plaintiff's IFP application [ECF No. 2] and Motion for Electronic Filing [ECF No. 3], are denied as moot.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff's Complaint [ECF No. 1] is DISMISSED WITHOUT PREJUDICE.

2. Plaintiff's IFP Application [ECF No. 2] is DENIED AS MOOT.

3. Plaintiff's Motion for Electronic Filing [ECF No. 3] is DENIED AS MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 18, 2023

s/Patrick J. Schiltz_____
Patrick J. Schiltz, Chief Judge
United States District Court